IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESE COOK, individually, and on behalf of all other members of the general public similarly situated, and as aggrieved employee pursuant to the Private Attorney General Act ("PAGA"),<br><br>Plaintiff,<br><br>v.<br><br>UNITED INSURANCE COMPANY OF AMERICA; et al.,<br><br>Defendants. | No. C-11-1179 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S APPLICATION TO FILE SURREPLY** |

Before the Court is plaintiff Celese Cook's ("Cook") motion to remand, filed April 11, 2011. Defendant United Insurance Company of America ("United") has filed opposition, to which Cook has replied. The matter came on regularly for hearing on May 20, 2011. Gene Williams of Initiative Legal Group APC appeared on behalf of Cook. Catherine Dacre of Seyfarth Shaw LLP appeared on behalf of United. Following the hearing, the parties submitted, respectively, a supplemental response in support of and a supplemental opposition to the motion.[1]  Having read and considered the papers filed in support of and in

---

[1] On June 23, 2011, Cook filed an ex parte application for leave to file a supplemental surreply. In light of the Court's ruling, as set forth below, and because the requested additional briefing would not assist the Court, the application is hereby DENIED.

opposition to the motion, the Court rules as follows.

**BACKGROUND**

On February 11, 2010, Cook filed the instant action in California Superior Court, asserting, on behalf of herself and those similarly situated, various state law causes of action based on United's alleged failure to reimburse her and other employees for various business related expenses. (See Am. Notice of Removal Ex. B.) On March 18, 2010, Cook filed her First Amended Complaint ("FAC"), asserting the same causes of action premised on essentially the same allegations. (See id. Ex. C.) On March 10, 2011, United filed a notice of removal on grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441, and, on March 25, 2011, amended its notice to include additional evidence in support thereof.

**LEGAL STANDARD**

Section § 1441(b) provides for removal of any civil action over which the district court could have exercised original jurisdiction. See 28 U.S.C. § 1441(b). "Section 1332(d), added by [the Class Action Fairness Act ("CAFA")], vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d).)

**DISCUSSION**

**I. Timeliness**

For the reasons stated on the record at the May 20, 2011 hearing, the Court finds United's notice of removal was timely filed. In particular, neither the complaint nor Cook's responses to United's interrogatories supports removal in "unequivocally clear and certain" terms. See Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1089-90 (C.D. Cal. 2005) (holding "time limit is triggered only when the information supporting removal is unequivocally clear and certain" (internal quotation and citation omitted)); see also Harris v. Banker's Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (holding time limit for removal "determined

through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry").

## II.     Amount in Controversy

As noted, in order to qualify for removal under CAFA, the action must be one where, inter alia, the amount in controversy "exceeds the sum or value of $5,000,000." See 28 U.S.C. § 1332(d)(2).  The removing party bears the burden of establishing removal is proper.  See Abrego, 443 F.3d at 682-83.  "Where it is not facially evident from the complaint that more than [the statutorily specified figure] is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

United's removal of the instant action is based on its assertion that the amount in controversy is $14,997,714.  (See Am. Notice of Removal ¶ 36.)  In support thereof, United relies on the following three evidentiary grounds:  (1) a "Compendium of Declarations in Support of Plaintiff's Motion for Class Certification" ("Compendium") filed by Cook in the state court (see id. ¶ 38); (2) a survey as to the amount of the class members' claims, conducted by Cook and shown to United during a February 24, 2011 mediation (see id. ¶ 37); and (3) oral statements about the potential amount of the claims as shown by the survey, which statements were made by Cook's attorney, Gene Williams ("Williams") during a telephone conversation with United's then attorney, Marlene Muraco ("Muraco"), prior to the mediation (see id. ¶ 36).  In her motion to remand, Cook challenges United's reliance on the above-referenced evidence.[2]  The Court addresses each purported ground for

---

[2] To the extent Cook also challenges the instant removal on the asserted ground that any removal requires a paper received by a defendant from a plaintiff, Cook, and the authority cited by Cook in support thereof, appears to conflate the type of evidence on which a plaintiff may rely for purposes of challenging removal on timeliness grounds, see 28 U.S.C. § 1446(b) (requiring defendant to remove within thirty days of "receipt" of "paper" showing ground for removal), and the type of evidence on which a defendant may rely to support removal at any time, see, e.g., Lewis v. Verizon Comm'ns, Inc., 627 F.3d 395, 397, 402 (9th Cir. 2010) (finding removal appropriate where defendant submitted, as evidence of amount in controversy, declaration of defendant's employee based on review of defendant's business records).

3

removal in turn.

First, United's reliance on the Compendium is unavailing. The exhibit consists of declarations from fifteen putative class members, setting forth their respective claims for damages. (See Am. Notice of Removal ¶ 38, Ex. 12.) The sum of the damages claimed in the declarations, however, does not begin to approach $5,000,000, and United submits no evidence to support a finding that the amounts claimed by such individuals are typical of the damages claimed by all or any of the other members of the putative class. In the absence of such evidence, United fails to show, based on the Compendium, the requisite amount in controversy. See, e.g., Dupre v. Gen. Motors, No CV-10-00955-RJG(EX), 2010 WL 3447082, *3-4 (C.D. Cal. Aug. 27, 2010) (finding defendant failed to make requisite showing as to jurisdictional amount where defendant, without supporting evidence, relied on class-wide assumptions as to number of days worked and meal periods missed).

Next, although the survey results are sufficient to show an amount in controversy in excess of $5,000,000, the survey, as noted, was provided to United at the February 24, 2011 mediation. United signed a Confidentiality Agreement with Cook at the mediation, which agreement expressly provided "no aspect of the mediation," including "[a]dmissions made in the course of the mediation proceedings," may be used in "any arbitral, judicial, or other proceeding," and, in particular, precluded such use as "[e]vidence supporting removal or remand proceedings." (See Williams Decl. Ex. 3, Apr. 11, 2011.) Consequently, United may not rely on the survey results to support removal. See Facebook, Inc. v. Pacific Northwest Software, Inc., 640 F.3d 1034, 1041 (9th Cir. 2011) (upholding exclusion of communications made in course of mediation, where parties signed confidentiality agreement providing "no aspect of mediation" may be used in "any arbitral, judicial, or other proceeding").

Third, as noted, United relies on oral statements made by Williams during a telephone call with Muraco on February 22, 2010, whereby Williams informed Muraco of the survey results. Although the statements were made prior to the day of the mediation and thus prior to the execution of the Confidentiality Agreement, the conduct of the

4

respective parties evidences a mutual understanding and agreement that the survey results were being shared in preparation for the mediation, were considered part of the mediation process, and, thus were intended to be covered by the Confidentiality Agreement. See Cal. Civ. Code § 1621 ("An implied contract is one, the existence and terms of which are manifested by conduct.")  In particular, the telephone call occurred only two days prior to the February 24 mediation, and the emails sent by both counsel describe the call as the "pre-mediation conference call." (See Supp. Williams Decl. Ex. A; Muraco Decl. Ex. B.) The record reflects no reason for the provision of such information in advance other than for the purpose of avoiding delay on the day of the mediation and to avoid, if possible, the need to extend the mediation for another day for purposes of United's evaluating the survey and assimilating the results in its assessment of the case.  Moreover, the survey results were to be exchanged in connection with the parties' mediation statements, which likewise were to be shared prior to the mediation and which no party suggests were not covered by the Confidentiality Agreement.  (See Muraco Decl. ¶ 9, Ex. C.)[3]  In sum, the conduct of counsel demonstrates they were operating under an implied agreement that Williams's disclosure of the survey results was an "aspect of the mediation" and thus inadmissible in proceedings other than the mediation.  Consequently, United may not rely on Williams' oral statements regarding the survey results to support removal.

Accordingly, the Court finds United has failed to meet its burden of "prov[ing], by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  See Matheson, 319 F.3d at 1090.

---

[3] Although United provided its mediation statement prior to the day of the mediation, Cook ultimately did not do so, nor did she provide a written document containing the survey results, as was initially agreed, because Williams was under "[s]trict orders" from others at his firm not to provide the "information in writing from the survey." (See Muraco Decl. ¶ 8, Ex. D.)  Presumably, Williams's colleagues were under the mistaken belief that only a plaintiff's receipt of a paper could serve as the basis for removal.  Williams, however, protested those orders (see id.) and Muraco sent her own email in protest, stating Cook's failure to disclose the written results would hinder her client's "willingness to reach an agreement tomorrow" at the mediation (see id. Ex. E), all of which lends further support to the conclusion that both counsel intended the exchange of the survey results to be protected from future use outside the mediation proceedings.

Lastly, United requests, should the Court find United's showing insufficient, the Court stay remand and allow United to conduct jurisdictional discovery. Where CAFA serves as the basis for removal, however, jurisdictional discovery after removal is disfavored. See Abrego, 443 F.3d at 691 (affirming denial of request for post-removal jurisdictional discovery). Unlike other cases, CAFA's elimination of the one-year time limit for removal alleviates the concern that parties will "be prejudiced in their opportunity to develop the record with regard to the amount in controversy by return to state court." See id. Accordingly, the Court will deny United's request to stay remand.

## CONCLUSION

For the reasons stated above, Cook's motion to remand the above-titled action is hereby GRANTED and the action is hereby REMANDED to the California Superior Court in and for the County of Contra Costa.

**IT IS SO ORDERED.**

Dated: July 20, 2011

MAXINE M. CHESNEY
United States District Judge